Case 1:09-cv-03414-WSD Document 1 Filed 12/04/09 Page 1 of 16

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

DEC 04 2009

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| STEVEN BELL )<br>   Plaintiff )<br>)<br>Vs. )<br>)<br>J.B. HUNT TRANSPORTATION, INC )<br>an enterprise affecting interstate commerce )<br>KIRK THOMPSON, individual )<br>JERRY WALTON, individual )<br>JULLIE DURROUGH, individual )<br>DANNY SUCH, individual )<br>RICH RIGGINS, individual )<br>Predicate real party actors involved )<br>   Defendants, )<br>)<br>) | CIVIL ACTION<br>NUMBER 1 09-cv-3414 WSD<br>VERIFIED AFFIDAVIT COMPLAINT<br>FOR DAMAGES AND INJUNCTION<br>FOR TERMINATION WITHOUT JUST<br>CAUSE, TROVER AND CONVERSION,<br>WILLFUL TORT OF WRONGFUL<br>TAKING, RETALIATION, NEGLIGENCE<br>THEFT, CONSPIRACY TO VIOLATE<br>CONSTITUTIONAL RIGHTS 1st & 5TH<br>AMENDMENTS, BREACH OF CONTRACT,<br>**JURY DEMANDED** |
| Steven J. Bell, injured )<br>real party in interest ) | |

**Judgment for Commercial Lien Default of Liability**

1. COMES NOW, Steven J. Bell, the Injured Real Party of Interest, who is neutral in the public, who is unschooled in law, and making a special appearance before this court under the supplemental rules of Admiralty, Rule E(8), a restricted "Special Appearance", without granting jurisdiction to hear other matters outside of the Judgment on Default, and notices the court of enunciation of principles as stated in *Haines v. Kerner*, 404 U.S. 519, wherein the court has directed that those who are unschooled in law making pleadings are granted leniency, and hereby makes the following pleadings/notices in the above referenced matter without waiver of any other defense and rights.

## JURISDICTION

**Jurisdiction is proper by virtue of Pleading Special Matters under Federal Civil Rule 9 (e) and Federal Civil Rules 55 (a) & (b)(1), respectively, to have the Clerk of the Court enter Default Judgments where there exists Affidavits showing the amount due, costs, and where the defendants have defaulted in a quasi-judicial tribunal or in this judicial district under 28 U.S.C 1333, 2461 and 2463, respectively, under 28 U.S.C § 1292(A)(3) within the Admiralty.**

## STATEMENT OF UNDISPUTED FACTS IN THE CASE

2. This civil action has arisen out of injuries done to a natural man and his property. The Plaintiff asserts that the Defendants, being duly named above, as principals, officers, agents, or representatives, as their interests may appear, consistently injured, violated personal rights, and harmed the Plaintiff's by taking property (money) by depriving its owner of the full entitled benefit of it, which was done by deducting and withholding sums unlawfully. After which, Defendant(s) maliciously terminated (wrongful discharge) without just cause Plaintiff after inquiring into the lawfulness of the Defendants actions. Thereby, Plaintiff has claims for actual, compensatory and punitive damages arising from pain and suffering, inclusively.

3. Plaintiff sought administrative procedures to recover property(money), damages, and relief from wrongful and malicious misconduct employment practices pursuant to *malum in se and* torts committed by the Defendants who have unlawfully withheld, detained, taken and converted property (workers pay) for purposes not authorized by Georgia State laws, and violations of due process

under the Constitution of the United States of America. The laws and statues were enacted to protect private a natural living man from the violation of their private property from non-consensual taking by payroll deductions without the owners explicit, willful, voluntary or written consent.

4. Plaintiff seeks to have restoration of all lost pay, earnings and all Entitlements which were wrongfully extorted and converted. Plaintiff has Equitable, Superior, and Perfect Title to the property as documented in his Security Agreement (Lien) #SJB10099SA009(registered in Dekalb County Superior Court and the Secretary of State of Illinois), Commercial Lien and Affidavit's. The Security Agreement (Lien) has attachment, enforceability and effectiveness on the property and has priority over a conflicting security interest. The existing provision in the Security Agreement (Lien) prohibits any transfer by way of sale, levy, garnishment, or other Judicial Process. Plaintiff has paramount title in himself. <u>Plaintiff has stated a claim upon which relief can be granted</u> (*Qui Prior Est Tempore Potior Est Jure*) and Defendant's have Defaulted waiving their rights to a defense by refusal/failure not to respond And dishonor tendered commercial documents regarding the complaint. Defendant's cannot argue, controvert, or otherwise protest the Administrative findings entered thereby in any subsequent administrative Or Judicial proceedings.

5. Plaintiff did engage an independent officer of the court to attest to the truthfulness of the private remedies offered to the Defendant's pursuant to Statutes governing the office of Notaries and their powers and limitations and The International, UCC, US, Georgia and Texas Business and Commerce

articles sections § 3-501, 3-502, 3-503, 3-504, 3-505, and 1-307 and The Bill of Lading Act. The private involvement was done, as follows:

## PARTIES

6. Plaintiff Steven J Bell is a living man on the land known as Georgia, at tucker, in Dekalb County.

7. Defendant(s), as cited above, are a private sector corporation (non government), Officer's, principals, and individuals, doing business in Georgia and is incorporated in the State of Arkansas. Defendants are known to be representatives of the Corporation who are as follows: Jerry Walton is the C.F.O, Jullie Durrough is the Supervisor of the Tax Department, Rich Riggins is the Fleet Manager, Danny Such is the Atlanta Intermodal Operations Manager and Kirk Thompson is the C.E.O, Doug Stewart Human Resource Supervisor and the Registered Agent is C.S.C. Of Gwinnett County, Inc., with business address of 40 Technology Pkwy, Suite #300 Norcross, GA 30092 and 648 Sidney Court Austell, GA 30122.

8. The Independent Third-Party Notary employed to due presentments under notary seal and receive as a notary acceptor all presentments, documents, notifications, answers, responses and all prima facia evidences, as an officer of the courts in good standing, was, Perry Langham, 504 Dinge Bay Dr. Round Rock, Texas 78664 duly licensed through the Republic and State of Texas, whose principal office is located in Austin, Texas. Notaries began their witnessing and quasi-judicial tribunal on or about June 23, 2009 ending on or about December 2, 2009.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES
### *Ante Litem Motam* (Before the filing of the suit)

9. The Independent Notary did deliver and attest to the following, as evidence of The default on behalf of the Defendants: In admiralty, the word of an officer is defined as true. So, in admiralty the accusation of the officer is the proof and that is summary judgment.

10. Plaintiff incorporate(s) Exhibits "A through L" attached.

11. Plaintiff(s) did exhaust all clean hand attempts and required Administrative Remedies, prior to Filing this action, as follows:

12. On the dates of 3/8/08, 7/28/08, 2/06/09, 4/01/09, 6/10/09, 6/23/09, 10/21/09, 10/31/2009 and 11/9/09 Plaintiff sent Defendants numerous Notices, Affidavits, Demands for payment and Opportunities to Cure Faults as listed in the Affidavit Of Obligation/Commercial Lien pursuant to O.C.G.A § 11-1-201(24) O.C.G.A § 9-11-9(e)(g) Plaintiff sufficiently identified by A particular description the property (pay) involved, along with its value, Allegations as to the time, place, and manner of the conversion, title in the plaintiff, possession in the defendant, and refusal to deliver on demand by defendant.

**Assertions by the PLAINTIFF: Defenses in recoupment Pursuant to OCGA §11-3-305 in Tortious actions of the DEFENDANTS:**

13. Plaintiff was employed for 8yrs by Defendants, as a truck driver, in the local Atlanta Office with deliveries made in nearby, neighboring borderline States of Alabama and Tennessee. Plaintiff received a paycheck weekly for the week's work. The pay consisted of his hours, miles, stops and extra duties between rail yards minus certain deductions; which included health insurance, auto & home insurance, and retirement plans.

14. Heretofore, Plaintiff submitted (1) "In Lieu of W-4 Form" (2) "Affidavit Of Status Regarding Withholding" (3) W-8 Form (4) Affidavit of Domicile; whereby claiming not subject to any amount of withholding of excises to be deducted from his pay, as provided pursuant to 8 Fed. Register Pg. 12266 ss 404.102 (g) (withholding on nonresident aliens). Only laws that have "general applicability to the citizens of the 50 states" can be published in the federal register. Treasury Decision 2313 evidenced proving that the income tax "excise" provisions of The IRC are municipal law, with no territorial jurisdiction inside the 50 States of the Union. Corporations chartered by the 50 States of the Union are technically "foreign" Corporations with respect to the IRC. (J.B. HUNT TRANSPORTATION, INC. is incorporated in the State of Arkansas a non Federal Government Entity, The Anti-Suit Injunctions and the Rule of Uniformity are not applicable). The Affidavits, certificates and W-8 form were recognized since August 18, 2001 and honored by Defendant until or about January 1st, 2008.

15. On March 1st 2008, Defendant disapproved and refused to honor Plaintiff's Commercial exemptions (exemption# 31-9709726 & UCC# 044200803640) Defendant wrongfully withheld the average amount of $349 from Plaintiff's pay (private earnings) on the following week and a similar amount each and every week since then totaling 74 weeks.

16. Defendant's has extorted portions of Plaintiff's paycheck by withholding money from Plaintiff's pay without any court order or determination and without explicit, knowing, voluntary, and written consent, all of which are violations of State and Federal Laws which prohibits the seizure and taking of property without due

process of law from March 1st 2008 through June 15th 2009.

17. Defendant's for 74 weeks (March 1st 2008 til June 15th 2009 continued to deduct an incorrect amount of money(OASDI/EE, F.I.C.A, FED) From Plaintiff's pay, resulting in a severely diminished paycheck($1,000 a week to $400 a week) preventing Plaintiff herein from making payments on existing debts and purchasing the necessary food, clothing, shelter for his family, and the ruining of an arranged wedding. Plaintiff has been wrongfully denied the fruits of his own labor, and denied the use of his own money.

18. Plaintiff asserted that F.I.C.A, OASDI/EE, FED INCOME are "United States" payroll (or employment) tax imposed by the federal government on both "employees" and "Employers". <u>Applicability</u> if you are an "employee" as defined by IRC. See.... 26 USC 3401(c) employee "the term employee includes an officer, employee or Elected official of the United States. <u>Federal Register, Tuesday September 7, 1943 404.104 pg 12267:</u> Employee. "the term employee specifically includes officers and Employees whether elected or appointed of the United States, a State, territory, or Political subdivision thereof or the District of Columbia or any agency or instrumentality Of any one or more of the foregoing." 31 CFR § 215.2 Definitions: STATE: "means a Territory, possession, or commonwealth of the United States, or the District of Columbia. <u>Plaintiff is not an</u> "employee" as defined, withholdings were non applicable and misapplied and misappropriated by defendants. The United States Supreme Court decided in *Flemming v. Nestor (1960)* that no one has an accrued property right to benefits from Social Security. When challenged, defendants acquiesced.

19.   Defendant(s) refused and never responded to the written request by Plaintiff on April 1st 2009 to <u>provide the memorialized law or statutory law authorizing a</u>

<u>private employer to withhold</u> From a non government private sector worker without their knowingly, voluntarily, and written expressed consent.

20. Defendant(s) never furnished nor identified to Plaintiff the specific provisions Of the tax code that they relied on to conclude that Plaintiff had "taxable year Gross income which equals or exceeds the exemption amount" referred to in Title 26, U.S.C section 6012.

21. Defendant(s) falsely and unlawfully misrepresented Plaintiff to third party private agency IRS on January 1 2008 as if Plaintiff was an "employee" and engaged in a <u>revenue taxable activity</u>. Defendant(s) had the audacity to state that they were only doing what a third party IRS corporation told them to do. Defendant started this problem when he led the taxing agency to believe that the NONTAXPAYER was a "taxpayer". The Defendant(s) is thus responsible losses to the Plaintiff which resulted false reporting, misrepresentation & constructive fraud.

22. Defendant(s) refused and never answered request by Plaintiff on July 28, 2008 to explain how they applied provisions of the tax code as an indirect tax on my earnings, in compliance with the United States Constitution Article I, Section 9, clause 4 prohibition against direct taxation without apportionment according to representation, and the 16th Amendment as interpreted by the Supreme Court in *Brushaber v. Union Pac R.R., 240 U.S. 1, 12-19, 36 S. Ct. 236 (1916),* When challenged, the Defendants Acquiesced.

23. Defendant(s) failed in their fiduciary duties & responsibilities imposed by Law by not knowing that the mere filing of W-4 form or social security numbers doesn't indemnify them from liability and doesn't make Plaintiff a "taxpayer" subject to the

tax. The signing of the forms does not change a non taxable activity into a taxable activity. W-4 Forms are Null and Void. When challenged, the Defendants acquiesced. Anti-suit Injunctions don't apply.

24. Defendant(s) refused and never responded to written request by Affidavit by Plaintiff on or about 2/6/09, illustrating what statue me subject to and liable to pay federal income tax? See..IRC section 6331, federal income taxes & levies on earnings are not applicable to worker's in the private sector.

25. Defendant(s) were not "withholding agents", one cannot become a withholding agent Unless Plaintiff first authorize deductions to be withheld from paycheck. Plaintiff did not use nor execute a valid W-4 form. Such form, ss# numbers were Signed under Threat, Duress and Coercion, without prejudice and obtained under conditions of mistake of fact, mistake of law, fraud, misrepresentation, and constructive fraud. See definition of "withholding agent" at IRC section 7701(a)(16)

26. Defendant(s) did not have my permission or power of attorney to withhold property(pay). Defendants acquiescence proves premeditated, willful, knowingly, misrepresentation and constructive fraud. When challenged, the Defendants acquiesced.

27. Defendant(s) refused and never answered request made on 7/28/08 and 4/1/09 by Plaintiff submitted in the form of writing if Plaintiff upon being Hired, <u>was hired to engage in any revenue taxable activity and to provide a Factual description and nature of employment.</u> When challenged, the Defendants acquiesced. Anti-suit Injunctions non applicable.

28. Defendant(s) refused and never responded to request made on 6/9/09 in the form of affidavit <u>is a W-4 form a condition of employment if so under what Maxim or what Law?</u> Anti-suit Injunctions are non applicable to defendants.

29. Defendant(s) were put on Notice that BELL, STEVEN JAMES was entered into the Commercial Registry and property is Exempt from Levy. BELL, STEVEN JAMES (or any derivative thereof) is a Foreign Situs Trust and Steven-J :Bell is the contributing beneficiary of the Trust and Holder of the Equitable Title and has superior claim over Trust Assets. Steven J Bell has perfected the Security Interest and is First in Time and First in Line as First Lien position holder.

30. Defendant(s) retaliated and Terminated Plaintiff without just cause (wrongful discharge) and merit for demanding return of property, disclosing violations regarding corporate misconduct and noncompliance with the laws. (*The termination of a worker based upon requiring the worker to violate a State or Federal Law, a State or Federal Constitution, or professional regulations or codes of ethics is not allowed: 1. Termination for discussing one's salary, 2. Termination for "whistle blowing" on an employer's illegal acts*)

31. Defendant(s) refused to furnish upon request by Plaintiff a copy of worker File/records and history of employment. Defendant(s) (Fleet Manager & H.R Supervisor stated that worker file's are property of the corporation only and worker's are not allowed to have a copy.

32. Plaintiff did not elect to enter into a voluntary withholding agreement with this non Federal private sector entity. I did not consent to have amounts withheld or deducted for state and/or federal taxes, fees, and other charges. When challenged, the Defendants acquiesced.

33. Plaintiff did not derive taxable income. Plaintiff is not a federally privileged "person" upon which an excise can be measured. Plaintiff did not engage in a revenue taxable activity or event (i.e. alcohol, tobacco, firearms, gambling. When challenged, the Defendants acquiesced.

34. Defendant(s) are not a duly authorized "withholding agent", is not required to file IRS form 8555 and is not authorized to enter into a Standard Agreement with the Secretary of the Treasury and Fiscal Assistant Secretary regarding withholding from my pay. 26 CFR 301.7701-16 Definition of withholding agent-see 1.1441-7(a)- 26 USC ss1441 (c)4), ss 3401(a)(6) & 7701(l). When challenged, the Defendants acquiesced.

35. Defendant(s) attempted to invoke involuntary servitude. Defendant(s) did not disclose to Plaintiff that he was entering into a contract employment agreement with the Corporate U.S. (see 28 USC 3002 (15)(A)).."United States means a Federal Corporation", Corporate I.R.S (incorporation date 7/12/1933 File No. 0325720 State of Delaware, IRS is not a U.S. Government Agency, but an Agency of the IMF. See *Diversified Metal Products v. IRS, et al CV-93-405E-EJE U.S.D.C.D.I. ,Public Law 94-564, Senate Report 94-1148 pg.5967, Reorganization Plan No. 26, Public Law 102-391.)* & Corporate SOCIAL SECURITY CORP, DEPT OF HEALTH, EDUCATION AND WELFARE (Delaware Corporation Incorporation Date 11/13/1989 File No.2213135. I was not disclosed that I was being made a ward of the STATE and that proceeds compensation of my labor was being deeded over, or at least a lien right was being granted over to the other parties. Therefore, I rescind, revoke any and all Authority or Power of Attorney implied Jurisdiction or other control, that a third party Corporation was granted by way of being hired and employed including my right to revoke my signature for disclosure failures.

36. Plaintiff asserted that he did not receive "income" which was effectively connected with conduct of a trade or business within or inside the "United States". The equal value exchange of labor was in the private sector with a private employer not from sources within the public sector of United States taxing authority. When challenged, the Defendants acquiesced.

**Claims for Damages from Torts**

By Virtue of the prima facia and preponderance of evidence, Plaintiff asserts claims for cause of actions by computing actual, compensatory and punitive damages as follows:

ACCOUNTING AND TRUE BILL

(499 U.S. 1)
CLEOPATRA HASLIP et al,
v.
PACIFIC MUTUAL LIFE INSURANCE, INC.
499 U.S. 1, 113 Fed 2d 1,

**CONVERSION**                            4 times for Compensatory Damages

                                          200 times for Punitive Damages

$ 21, 638 ($349 unauthorized weekly withholdings x 62weeks)
    x 4                          **Compensatory Damages**

----

$ 86,552                                  **Actual Damages**

$ 21,638                                  **Actual Damages**
    x 200                        **Punitive-Damages Multiplier**

----

$ 4,414,152.00                            **Punitive-Consequential Damages**

***Plus Income loss of $2,000.00 times the number of months (276) till anticipated retirement age yields damages of $552,000.00 plus $4,414,152.00 Lien, Totaling $4,966,152.00.*** *(includes: costs of suit incurred herein, including all necessary research, all non judicial enforcement, counsel's fees, emotional stress, pains, sufferings, benefits, bonuses, and economic loss due to Breach of Contract).*

## SUMMARY

To summarize, this complaint did not arise from the legality of taxes nor does it challenge the validity of the federal income tax. This complaint is solely directed at the malicious misapplied provisions of the tax, wrongfully and unlawfully taking of private property for public use. Furthermore, as stated above prove that Defendants are in default refusing and failing to respond expeditiously to Plaintiff's numerous written notices & Affidavits complaining of a multiplicity of infringements and violations. Plaintiff further alleges that tort-feasors action involving multiple Defendants working in active concert and participation with each other, has induced severe financial hardship upon, and injured, oppressed, obstructed the free exercise and full enjoyment to lawfully acquire property and his rights to just and favorable lawful compensation and to an adequate standard of living.

In connection with all matters and all things alleged herein, Defendants have been guilty of oppression, tort, and malice aforethought. Defendants who were willfully, knowingly, corruptly and unlawfully withheld part of the Plaintiff's pay under the guise, pretext, sham and subterfuge of "withholding taxes" in the case where Plaintiff's job descriptions did not involve any revenue taxable activity.

The laws do not authorize the private employers to violate a real natural man's

common law, constitutional rights, or to commit fraud and extortion against the worker who is merely exercising his God-given, constitutionally secured right to lawfully acquire property by lawfully contracting his own labor to engage in innocent and harmless activities for lawful compensation. In civil tort, except for recovery of exemplary damages, the defendant's knowledge, intent, motive, mistake, and good faith are generally irrelevant. If one takes property which turns out to belong to another, his innocent intent will not shield him from making restitution or indemnity, for his well-meaning act may not be allowed to deprive another of his property. If defendant's claim reduction of damages by reason of good faith, the burden is upon him to prove his good faith. The Affidavit of Obligation/Commercial Lien is evidence that defendant's are in bad faith.

## RELIEF REQUESTED

Wherefore, Plaintiff requests judgment against all named Defendants as follows:

1. Enter An Order for Default Judgment by the Clerk of this Court for plaintiff and against all defendants pursuant to Title 28 sec 1963, (registration of judgments for enforcement), Federal Civil Rule 9 (e) and Federal Civil Rules 55 (a) & (b)(1), respectively, for actual damages, according to the best available proof, and for any gains, profits or advantages attributable to all infringements on Plaintiff's rights.

2. Order of the court that all defendants compensate plaintiff who was Terminated without just cause, wrongfully discharged, his costs of suit incurred herein, including all necessary research, all non-judicial enforcement, and all reasonable counsel's fees, loss of income to the age of retirement, benefits, bonuses, emotional stress, pain and suffering

3. An Order honoring the Administrative Default Judgment & Commercial Lien as witnessed by the Notary Public pursuant to Federal Civil Rule 9 (e). All parties are in agreement and all issues are deemed settled RES JUDICATA, STARE DECISIS and COLLATERAL ESTOPPEL. Defendants waived their rights to answer, controvert, or otherwise protest the finality of the courts findings under the admiralty by acquiescence, tacit admission and failure to contest, rejecting administrative due process opportunity. (see Randone v. Appellate Court, 5 C3d 536; Mullane v Central Hanover Trust Co., 339 U.S. 306, 314; Sniadach v. Family Finance Corp., 395 U.S. 337, 339; Melorich Builders v. Superior Court, 160 Cal App 3d 931.)

4. A declaratory judgment that the acts and policies of the Defendants violate the Georgia Constitutional rights of the Plaintiff and the Constitution of the United States of America, pursuant to 28 U.S.C ss 2201 and 2202, O.C.G.A 44-12-24 44-12-152, 44-12-155, O.C.G.A 51-1-8, 51-1-9

5. That Plaintiff have such other and further relief as the Court deems just and Proper, under the circumstances.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues pertaining to satisfying Commercial Lien if any unresolved issues remain after a proven Default on behalf of the Defendants to a jury lawfully convened. See Rule 38, Federal Rules of Civil Procedure, in pari materia with the Seventh Amendment. With respect to the common law, see also Eisner v. Macomber, 252 U.S. 189 (1920).

## VERIFICATION

I, Steven J. Bell, Sui Juris, Plaintiff, injured party of interest in the above entitled action, hereby verify under penalty of perjury, under the laws of the Several United States of America, without the "United States", that the above statement of facts and laws is true, the whole truth and nothing but the truth and correct, according to the best of my current information, knowledge, and good faith belief, so help me Most High Creator.

Steven J. Bell

Submitted this day 3ʳᵈ, of DEC 2009

Notary

Seal

