## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**STEVEN BELL,**

**Plaintiff,**

**v.**

**J.B. HUNT TRANSPORTATION, INC., KIRK THOMPSON, JERRY WALTON, JULLIE DURROUGH, DANNY SUCH and RICH RIGGINS,**

**Defendants.**

**1:09-cv-3414-WSD**

## OPINION AND ORDER

This matter is before the Court on Defendants J.B. Hunt Transportation ("J.B. Hunt"), Kirk Thompson, Jerry Walton, Jullie Durrough, Danny Such, and Rich Riggins' (collectively "Defendants") Motion to Dismiss [4]; Plaintiff Steven Bell's ("Plaintiff") Motion to Quash Defendant's Motion to Dismiss and Grant Plaintiff Summary Judgment for Defendants' Failure to Appear (the "Motion to Quash") [9]; Plaintiff's Motion for Sanctions [10]; Plaintiff's Motion for Declaratory Judgment and Record [11]; and Plaintiff's Objection to Court's March 30, 2010 Order [28].

## I.   BACKGROUND

Plaintiff is a former trucker driver for J.B. Hunt.  On December 4, 2009, Plaintiff filed his "Judgment for Commercial Lien Default of Liability" (the "Complaint") against Defendants. The Complaint's underlying claim appears to be that Plaintiff is not subject to United States tax laws and that J.B. Hunt wrongfully withheld normal payroll taxes from his pay.[1]  In support of this claim, Plaintiff contends that through his filing of certain documents with public agencies, he has emancipated himself from his legal "strawman" and transformed himself into a foreign corporation which is outside the jurisdiction of the United States of America.  Because of his purported foreign status, Plaintiff invokes admiralty jurisdiction to assert a federal claim.[2]  The Complaint also attempts to enforce alleged judgments against J.B. Hunt from non-existent administrative tribunals the support for which Plaintiff attaches as exhibits to the Complaint.

On December 28, 2009, Defendants filed their Motion to Dismiss.  Plaintiff responded by filing a "Motion to Quash."  The Motion to Quash argues that no

---

[1]  In their Motion to Dismiss and other pleadings, Defendants do a rather remarkable job of deciphering and explaining Plaintiff's largely nonsensical and incoherent pleading.  Defendants explain how Plaintiff has latched onto various tax and debt avoidance schemes promoted by tax protesters.

[2]  Admiralty jurisdiction pursuant to 28 U.S.C. § 1333 only arises from transactions involving maritime (i.e. waterborne) commerce.  See Norfolk Southern Ry. v. Jame N. Kirby, Pty Ltd., 543 U.S. 14, 25 (2004).  Plaintiff has not alleged any facts involving maritime commerce.

attorney has appeared for Defendant and, accordingly, Defendants are in default and subject to Rule 11 sanctions.  Plaintiff also filed a separate Motion for Sanctions and Motion for Declaratory Judgment based largely upon the same allegations found in the Complaint and Motion to Quash.[3]  On April 5, 2010, four months after the Complaint was originally filed, Plaintiff filed an Amended Complaint.[4]

On January 12, 2010, Defendants filed a Counterclaim, which they timely amended (the "Amended Counterclaim").[5]  The Amended Counterclaim alleges a number of state law causes of action against Plaintiff which seek to hold Plaintiff

---

[3] Plaintiff's argument is incorrect and misstates the law.  Defendants' counsel properly appeared by signing their Motion to Dismiss which acts as a response to the Complaint.  See L.R. 83.1(D) NDGa.  There is no basis for sanctions against Defendants or their counsel.  To the extent that the Motion for Declaratory Judgment is an attempt to amend to the Complaint, it does not comply with Rule 15 and the Court does not consider it.

[4] Plaintiff did not seek leave to file this pleading.  The Amendment does not comply with Rule 15 of the Federal Rules of Civil Procedure and the Court does not consider it.

[5] Plaintiff had filed a "Response In Opposition to Counterclaim," which objected to the original Counterclaim.  This Motion was mooted, however, when Defendants filed their Amended Counterclaim.  Plaintiff failed to renew his "Response in Opposition" and therefore there are no pending motions regarding the Amended Counterclaim.

liable for filing with DeKalb County Superior Court allegedly fraudulent

documents against J.B. Hunt.[6]

## II.   DISCUSSION

### A.   Defendants' Motion To Dismiss

Defendants moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to

dismiss the Complaint for failure to state a claim upon which relief can be granted.

The law governing motions to dismiss pursuant to Rule 12(b)(6) is well-settled.

Dismissal of a complaint is appropriate "when, on the basis of a dispositive issue

of law, no construction of the factual allegations will support the cause of action."

Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174

(11th Cir. 1993).  In considering a motion to dismiss, the court accepts the

plaintiff's allegations as true, Hishon v. King & Spalding, 467 U.S. 69, 73 (1984),

and considers the allegations in the complaint in the light most favorable to the

plaintiff.  Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007).

Ultimately, the complaint is required to contain "enough facts to state a claim to

---

[6] On January 11, 2010, Defendants filed a nearly identical suit against Plaintiff in DeKalb County Superior Court.  (See J.B. Hunt v. Bell, Case No. 10cv1204-3.) On February 26, 2010, Defendants received a Permanent Injunction against Plainitff from the DeKalb County Superior Court.  In response to the Permanent Injunction, Plaintiff attempted to remove the Superior Court action to this District Court.  (See J.B. Hunt v. Bell, Case No. 10-cv-712.)  The Court summarily remanded that action.

relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955, 1974 (2007).[7]  To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009).  "Plausibility" requires more than a "sheer possibility that a defendant has acted unlawfully," and a complaint that alleges facts that are "merely consistent with" liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 557).  "To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims." <u>Jackson v. BellSouth Telecomms.</u>, 372 F.3d 1250, 1263 (11th Cir. 2004) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.") (citations omitted).[8]

---

[7] The Supreme Court explicitly rejected its earlier formulation for the Rule 12(b)(6) pleading standard: "'[T]he accepted rule [is] that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Twombly</u>, 127 S. Ct. at 1968 (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).  The Court decided that "this famous observation has earned its retirement." <u>Id.</u> at 1969.
[8] Federal Rule of Civil Procedure 8(a)(2) requires the plaintiff to state "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R.

Complaints filed *pro se* are to be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007)(citations and internal quotation marks omitted). Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." <u>Grigsby v. Thomas</u>, 506 F. Supp. 2d 26, 28 (D.D.C. 2007).

Applying these standards, Defendants' Motion to Dismiss is granted. Plaintiff's indecipherable and nonsensical Complaint is replete with legal conclusions, non-sequiturs, and descriptions of alleged unlawful activities purportedly taken by Defendants. To the extent Plaintiff's factual allegations can be understood, the Complaint appears to allege that Plaintiff is not subject to United States tax laws and that J.B. Hunt wrongfully withheld normal payroll taxes from his pay. The Complaint further seeks to enforce purported judgments against J.B. from non-existent tribunals. Plaintiff fails to offer any legal authority to support his contentions or to demonstrate how these are cognizable legal claims. Even as construed liberally for a *pro se* plaintiff, Plaintiff's Complaint fails to

---

Civ. P. 8(a)(2). In <u>Twombly</u>, the Supreme Court recognized the liberal minimal standards imposed by Federal Rule 8(a)(2) but also acknowledged that "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." <u>Twombly</u>, 127 S. Ct. at 1965.

satisfy the rudimentary pleading requirements of Rule 8(a).  The Complaint is

dismissed with prejudice and all pending motions related to the Complaint are

denied as moot.[9]

      B.    <u>Further Action</u>

     With the Complaint dismissed, the only claims remaining with the Court are

the Amended Counterclaim's state law causes of action.  Defendants acknowledge

that these claims are before the Court based on supplemental jurisdiction.  (Am.

Countercl. ¶ 8.)

     "The decision to exercise supplemental jurisdiction over pendant state

claims rests within the discretion of the district court."  <u>Raney v. Allstate Ins. Co.</u>,

370 F.3d 1086, 1088-89 (11th Cir. 2004) (citing <u>Mergens v. Dreyfoos</u>, 166 F.3d

1114, 1119 (11th Cir.1999)).  When federal claims have been dismissed prior to

trial, a federal court may, in its discretion, dismiss without prejudice any remaining

state law claims.  28 U.S.C. 1376(c)(3); <u>Raney</u>, 370 F.3d at 1088 -1089 (citing

<u>L.A. Draper & Son v. Wheelabrator-Frye, Inc.</u>, 735 F.2d 414, 428 (11th

Cir.1984)).

---

[9]  The Court also finds that dismissal is required under Rule 12(b)(1) to the extent
that the Complaint can be viewed as an attempt to register a "foreign default
judgment."  <u>See, e.g.</u>, <u>Mock v. Merck & Co.</u>, 2006 WL 2094667 (N.D. Fla. July
27, 2006).

In light of the fact that all purported federal claims have been dismissed from this action, the Court declines to exercise supplemental jurisdiction over the remaining state-law claims asserted in the Amended Counterclaim. "We have encouraged district courts to dismiss any remaining state claims when . . . the federal claims have been dismissed prior to trial." Id. at 1089. The Amended Counterclaim is therefore dismissed without prejudice.[10]

Defendants have also requested attorneys' fees and sought sanctions under Rule 11 of the Federal Rules of Civil Procedure based on Plaintiff's litigation conduct. Plaintiff will be required to show cause why sanctions should not be imposed.

## III. CONCLUSION

Accordingly:

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [4] is **GRANTED** and the Compliant is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Quash Defendant's Motion to Dismiss and Grant Plaintiff Summary Judgment for Defendants Failure to Appear (the "Motion to Quash") [9]; Plaintiff's Motion for Sanctions [10];

---

[10] Dismissal of these claims is also appropriate to the extent that that Plaintiff's Complaint has been dismissed for lack of subject matter jurisdiction. See Riley v. Fairbanks Capital Corp., 222 Fed. App'x 897, 899 (11th Cir. 2007); Scott v. Pasadena Unified School Dist., 306 F.3d 646, 664 (9th Cir. 2002).

Plaintiff's Motion for Declaratory Judgment and Record [11]; and Plaintiff's Objection to Court's March 30, 2010 Order [28] are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Defendant's Amended Counterclaim is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff Bell shall appear before the Court on May 6, 2010 at 2:30 a.m., 1705 United States Courthouse, Richard B. Russell Building, 75 Sprint St. SW, Atlanta, Georgia 30303, to show cause why sanctions should not be imposed upon Plaintiff pursuant to Rules 11(b) and (c) of the Federal Rules of Civil Procedures.

**SO ORDERED** this 12th day of April, 2010.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE