IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

STEVEN BELL,

        Plaintiff,

v.

J.B. HUNT TRANSPORTATION,
Inc., et al.,

        Defendants.

1:09-cv-3414-WSD

## ORDER

This matter comes before the Court on Plaintiff Steven Bell's ("Plaintiff") Motion to Appeal *In Forma Pauperis* [40].

### I. BACKGROUND

On December 12, 2009, Plaintiff, who alleges he is "a living man on the land known as Georgia", filed this action. The Complaint asserts that jurisdiction for this action is based on admiralty law. The Complaint asserts that Defendants improperly withheld certain taxes from his pay when he was an employee of J.B. Hunt. The Complaint further seeks to enforce certain judgments against J.B. Hunt.

On December 28, 2009, Defendants filed a Motion to Dismiss for failure to state a claim. Over the next three months, Plaintiff filed several motions with the Court alleging that Defendants had not properly appeared in this action and that

default judgment should be entered against them. Plaintiff also filed a number of frivolous motions seeking sanctions against Defendants based on their alleged failure to appear.

On April 13, 2010, the Court issued its Order granting Defendants Motion to Dismiss. The April 13 Order found,

> To the extent Plaintiff's factual allegations can be understood, the Complaint appears to allege that Plaintiff is not subject to United States tax laws and that J.B. Hunt wrongfully withheld normal payroll taxes from his pay. The Complaint further seeks to enforce purported judgments against J.B. from non-existent tribunals. Plaintiff fails to offer any legal authority to support his contentions or to demonstrate how these are cognizable legal claims. Even as construed liberally for a *pro se* plaintiff, Plaintiff's Complaint fails to satisfy the rudimentary pleading requirements of Rule 8(a).

(Order at p. 6.)

On April 22, 2010, Plaintiff moved for reconsideration of the Court's Order and also moved for recusal of the Judge in this action. On May 5, 2010, the Court denied Plaintiff's Motion for Reconsideration and Recusal.

Plaintiff seeks to appeal these orders. Plaintiff requests that the Court permit him to proceed *in forma pauperis* with this appeal.

## II.  DISCUSSION

### A.  Legal Standard

Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24.  Section 1915 provides:

> (a) (1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress
>
> . . .
>
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Federal Rule of Appellate Procedure 24 provides:

> (1) . . . [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court.  The party must attach an affidavit that:
>
> (A) shows . . . the party's inability to pay or to give security for fees and costs;
>
> (B) claims an entitlement to redress; and
>
> (C) states the issues that the party intends to present on appeal.
>
> . . .
>
> (3) . . . A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless: (A) the district court-before or

3

> after the notice of appeal is filed-certifies that the appeal is not taken in good faith . . . and states in writing its reasons for the certification or finding . . . .

Two requirements therefore must be satisfied for a party to prosecute an appeal *in forma pauperis*. First, the party must show an inability to pay. Second, the appeal must be brought in good faith.

B.   Ability to Pay

Plaintiff has submitted an affidavit demonstrating his inability to pay the filing fee required for an appeal. Having reviewed that filing, the Court finds that Plaintiff has made the requisite showing. The Court next examines whether Plaintiff has satisfied the good faith requirement.

C.   Good Faith Standard

An appeal may not be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(3). A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when judged under an objective standard. See Coppedge v. United States, 369 U.S. 438, 445 (1962); Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999); United States v. Wilson, 707 F. Supp. 1582, 1583 (M.D.Ga. 1989), aff'd., 896 F.2d 558 (11th Cir. 1990). An issue is frivolous when it appears that the legal

theories are "indisputably meritless." See Neitzke v. Williams, 490 U.S. 319, 327, (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir.1993). An *in forma pauperis* action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir.2002); Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). "Arguable means capable of being convincingly argued." Sun v. Forrester, 939 F.2d 924, 925 (11th Cir.1991) (per curiam). Where a claim is arguable, but ultimately will be unsuccessful, it should be allowed to proceed. See Cofield v. Alabama Pub. Serv. Comm'n., 936 F.2d 512, 515 (11th Cir.1991).

Both § 1915(a) and Rule 24(a)(1) require the individual seeking to appeal *in forma pauperis* to submit a statement of good faith issues to be appealed. See, e.g., Fed. R. App. P. 24(1)(C) ("The party must attach an affidavit that . . . states the issues that the party intends to present on appeal."). A statement of issues to be appealed enables the court to determine whether the appeal would be frivolous or not taken in good faith. Martin v. Gulf States Util. Co., 221 F. Supp. 757, 760 (D.C. La. 1963).

Having carefully reviewed Plaintiff's Complaint and "Issues to be Raised on Appeal," the Court finds that Plaintiff's appeal is "without arguable merit either in law or fact" and the appeal is frivolous. See Napier, 314 F.3d at 531. Plaintiff's

pleadings are an undecipherable and unintelligible series of legal conclusions, non-sequiturs, and allegations of wrongful acts. The various legal theories upon which Plaintiff bases his claims are without any legal or factual support. Plaintiff's appeal is not taken in good faith and the Motion to Appeal *In Forma Pauperis* is required to be denied.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Court **CERTIFIES** that Plaintiff's appeal is not taken in good faith. Plaintiff's Motion to Appeal *In Forma Pauperis* [40] is hereby **DENIED.**

**SO ORDERED** this 9th day of June, 2010.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE